24926.   CRANE et al. v. GADDIS et al.

UNDERCOFLER, Justice. This appeal is from a judgment permanently enjoining the defendants from trespassing on the plaintiff's land. The appellant's enumerations of error present two questions for consideration by this court: (1) Did the trial court err in admitting in evidence under *Code Ann.* § 38-638 (Ga. L. 1955, p. 614) certain affidavits introduced by the plaintiff over the objection that they were hearsay?, and (2) Did the trial court err in admitting in evidence under *Code Ann.* § 38-638 (Ga. L. 1955, p. 614) certain affidavits intro-

duced by the plaintiffs over the objection that there has been no showing that the affiants were not available to testify in court at the trial? *Held:*

1. The transcript of evidence in this case shows that at the time the plaintiff offered these affidavits in evidence, the defendant objected to them on the basis that they were, in certain aspects, hearsay evidence. The trial court sustained the objection of the defendant on this basis and had deleted therefrom all of the specific parts to which the defendant objected. Therefore, there is no merit in the enumeration of error complaining of this ruling.

2. On the second question involved in this appeal, the transcript of evidence shows that when the affidavits were offered in evidence under *Code Ann.* § 38-638, the defendant objected to them on the grounds, "that if they were being admitted for the purpose of showing possession, evidence of possession, that there has been no showing that the affiants were not available to testify in court today; this does constitute hearsay testimony insofar as the defendant is concerned and it is contended that this is evidence in support of title we are objecting on the grounds that there has been no originating title shown, by color or by any writing and therefore they could not constitute evidence to support title." After this objection was made, the trial court admitted the portions of the affidavits not objected to as constituting hearsay for the limited purpose only of demonstrating the plaintiff's claim to the property, not for the purpose of showing his possession, but for the purpose of showing his claim to the property at the time the affidavits were filed. After the affidavits were admitted in evidence for this limited purpose, the only objection of the defendant to them was "that we do object to all of the affidavits in their entirety." The transcript of evidence does not show that the defendant objected to the affidavits being allowed in evidence in their entirety on the basis that "the affiants were not available to testify in court at the trial." Therefore, this enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 13, 1968—DECIDED NOVEMBER 21, 1968.

*Brannon & Brannon, Everett C. Brannon, Jr.,* for appellants.

*Robinson, Thompson, Buice & Harben, Sam S. Harben, Jr.,* for appellees